1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10              San Francisco Division

11  CHARLES KINNEY,

                                    Case No.  3:16-cv-02278-LB
12          Plaintiff,

13      v.                          **ORDER TRANSFERRING CASE**

14  JUDGE PHILIP S. GUTIERREZ, et al.,   [ECF No. 39]

15          Defendants.

16

17                      **INTRODUCTION**

18      The plaintiff Charles Kinney sued a number of judges — District Judge Philip S. Gutierrez of

19  the Central District of California; Presiding Justice Frances Rothschild, Justice Victoria Chaney,

20  Justice Jeffrey Johnson, Presiding Justice Roger Boren, Justice Judith Ashmann-Gerst, and Justice

21  Victoria Chavez of the California Court of Appeal; and Judge Barbara Scheper and Judge Gregory

22  Alarcon of the Los Angeles Superior Court — for declaratory relief from various judgments

23  entered against him.[1] Mr. Kinney also sued Michele Clark, David Marcus, and Eric Chomsky,

24  who are residents of Los Angeles County, for declaratory relief stemming from allegedly improper

25  counterclaims in previous litigation in Los Angeles County Superior Court that Mr. Kinney

26

27  ───────────────

28  [1] First Amended Compl. ("FAC") — ECF No. 21. Citations are to the Electronic Case File
    ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

    ORDER (No. 3:16-cv-02278-LB)

1    alleges violated the terms of Ms. Clark's bankruptcy judgment.[2]

2         An ongoing dispute between Mr. Kinney and Ms. Clark began in 2005 when she sold him a

3    home in Los Angeles known as the Fernwood property.[3] Mr. Marcus and Mr. Chomsky acted as

4    Ms. Clark's attorneys in cases Mr. Kinney brought against her.[4] In this case, Mr. Kinney alleges

5    that the defendants' actions caused or will cause "adverse consequences in this judicial district"

6    such as "recording of abstracts of judgment in Alameda County by [the defendants]."[5] Mr. Kinney

7    primarily alleges here that, in a number of Ms. Clark's state-court cases collecting outstanding

8    debts from Mr. Kinney, which Mr. Kinney removed from state court to federal court, he filed

9    counterclaims and third-party complaints that were not remanded to state court along with the

10   complaint.[6] Mr. Kinney now seeks to resolve those counterclaims and third-party complaints.[7]

11        The defendants recount Mr. Kinney's many lawsuits surrounding the Fernwood property,

12   including his civil RICO suit in 2014 and his FDCPA suit in 2016 that the undersigned transferred

13   to the Central District of California. *See Kinney v. Chomsky*, No. 3:14-cv-02187-LB, Order – ECF

14   No. 27 (N.D. Cal. July 25, 2014); *Kinney v. Marcus*, No. 3:16-cv-01260-LB, Order – ECF No. 29

15   (N.D. Cal. May 11, 2016); *Kinney v. Takeuchi*, No. 3:16-cv-02018-LB, Order – ECF No. 30 (N.D.

16   Cal. August 8, 2016).[8] Mr. Kinney complains about many of the same transactions and alleges

17   many of the same facts in all lawsuits, albeit sometimes under different legal theories.[9] The

18   defendants move to transfer the case to the Central District of California under 28 U.S.C. §

19   1404(a).[10] The defendants consented to magistrate-judge jurisdiction.[11] Although Mr. Kinney has

20   not consented to magistrate-judge jurisdiction, the court may decide this non-dispositive motion to

United States District Court
Northern District of California

---

[2] *Id.*

[3] Amended Motion for Change of Venue – ECF No. 39 at 3.

[4] *Id.* at 2.

[5] FAC – ECF No. 21 at 6.

[6] *Id.* at 7-8.

[7] *Id.*

[8] Notice of Related Cases — ECF No. 38.

[9] *See generally* FAC – ECF No. 21.

[10] Motion – ECF No. 39 at 1-2.

[11] Consent – ECF No. 40.

1   transfer venue. *See Pavao v. Unifund CCR* Partners, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal.

2   2013) (collecting cases). The court can decide the matter without oral argument under Civil Local

3   Rule 7-1(b). The court grants the motion to transfer.

4

5                                                    **GOVERNING LAW**

6          28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of

7   justice, a district court may transfer any civil action to any other district or division where it might

8   have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of

9   *forum non conveniens*, it was intended to be a revision rather than a codification of the common

10  law. *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32

11  (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that

12  required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

13         The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures

14  Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Mem'l

15  Coliseum Comm'n. v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d

16  1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate

17  motions for transfer according to an 'individualized, case-by-case consideration of convenience

18  and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting

19  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Westinghouse Elec. Corp. v. Weigel*,

20  426 F.2d 1356, 1358 (9th Cir. 1970).

21         An action may be transferred to another court if: (1) that court is one where the action might

22  have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will

23  promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D.

24  Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified numerous additional

25  factors a court may consider in determining whether a change of venue should be granted under

26  § 1404(a):

27            (1) the location where the relevant agreements were negotiated and executed, (2)
              the state that is most familiar with the governing law, (3) the plaintiff's choice of
28            forum, (4) the respective parties' contacts with the forum, (5) the contacts relating

to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may also consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id*.

## ANALYSIS

The defendants have met their burden to show that transfer is appropriate.

First, Mr. Kinney could have brought his action in the Central District. The general venue requirements of 28 U.S.C. § 1391(b) are met because all defendants reside in the Central District, a substantial part of the events occurred there, and all three defendants may be found there. Mr. Kinney does not dispute this in his opposition.

Second, the defendants have shown that transfer serves the convenience of the parties and will promote the interests of justice. The defendants live and work in Los Angeles, the property is there, Mr. Kinney litigated cases about the Fernwood property there, and the witnesses are there, 400 miles away, outside the reach of compulsory process. The docket sheet reflects that Mr. Kinney is a lawyer with law offices in Oakland, but he has a home in Los Angeles and thus resides here and in the Central District. As for promoting the interests of justice, only one factor supports keeping the case here: Mr. Kinney's choice of forum. The remaining factors favor transfer. As the court held previously, to the extent that there are some contacts here (such as the allegations that Ms. Clark improperly sought to collect debts here), everything else took place in the Central

United States District Court
Northern District of California

District.[12]

In sum, the court concludes that the defendants met their burden to show that transfer of the lawsuit to the Central District of California is appropriate under 28 U.S.C. § 1404(a).

## CONCLUSION

The court grants the defendants' motion to transfer and transfers the case to the Central District of California. The court grants the request to take judicial notice of public-record documents showing the existence of other litigation (but does not take judicial notice of the facts contained in the documents). This disposes of ECF No. 20.

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

---

[12] Order, Case No. 3:14-cv-02187-LB – ECF No. 27 at 6-7; FAC – ECF No. 21 at 6-7.

ORDER (No. 3:16-cv-02278-LB)                    5